IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CASCO, INC.,

Plaintiff,

v.                                                           Civil No. 13-1325 (GAG)

JOHN DEERE CONSTRUCTION
COMPANY & FORESTRY COMPANY,

Defendant.

## OPINION AND ORDER

Presently before the court is the joint motion filed by the parties (Docket No. 27) in response to the court's request to consolidate the requests for injunctive relief and trial on the merits (Docket No. 26). After reviewing the joint motion, the court **DENIES** the motion for preliminary injunction and places the case on a fast-track to determine the merits.

In this case, Plaintiff only seeks a preliminary injunction until trial on the merits. Plaintiff does not seek a permanent injunction as prospective relief. "A district court faced with a motion for a preliminary injunction must weigh four factors: '(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest.'" Swarovski Aktiengesellschaft v. Bldg. No. 19, Inc., 704 F.3d 44, 48 (1st Cir. 2013) (quoting United States v. Weikert, 504 F.3d 1, 5 (1st Cir. 2007)). Because Plaintiff does not seek permanent equitable relief, the court finds an accelerated trial schedule will alleviate the need to issue a preliminary injunction. The proposed preliminary injunction will only operate from the time of its issuance until the conclusion of trial. As proposed by the parties, the court would not hold a preliminary injunction hearing until late August, then hold trial sometime in April, 2014. (See Docket No. 27 at 5-6.) Under this time-line, there is the potential of Plaintiff suffering irreparable harm during the proposed ten-month pendency of this matter. But the court envisions a much shorter time period for trial and believes that the fast-track schedule will reduce any concern of irreparable harm.

**Civil No. 13-1325 (GAG)**

The benefits of this schedule are that the parties will receive a swift resolution on the merits of the claims, Plaintiff will have the jury trial it demands, and the court will not have to grapple with evaluating differing evidentiary standards.  Finally, the court is concerned that if it resolves the motion for preliminary injunction quickly, and then grants and extended period for discovery, the parties may find themselves in a suspended state.  One party will enjoy the benefits of the injunctive relief, a judicially enforced contractual relationship.  That party may not be motivated to quickly complete discovery.  Alternatively,  the party not befitting from the preliminary injunction determination may want to quickly proceed to the merits.

Therefore, the court orders the parties to follow this schedule:

- Rule 26 Initial Disclosures, including Rule 26(a)(2)(A) disclosures due by **July 15, 2013.**
- Expert reports due **August 15, 2013.**
- Fact discovery completed by **August 30, 2013.**
- Expert discovery finalized by **September 1, 2013.**
- Dispositive motion deadline **September 20, 2013.**
- Trial to begin **November 2013.**

Pursuant to the opinion and analysis above, the court **DENIES** the motion for preliminary injunction (Docket No. 11).  The parties shall follow the trial schedule above, which has been fast-tracked to quickly resolve the merits of the case.  If the parties agree to another timetable, the court will consider the same.  Also, the parties may want to revisit the matter of consenting to proceed before a Magistrate Judge.

**SO ORDERED.**

In San Juan, Puerto Rico this 24th day of June 2013.

*s*/Gustavo A. Gelpí

GUSTAVO A. GELPI
United States District Judge