**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**CASCO, INC.,**

**Plaintiff,**

**v.**

**JOHN DEERE CONSTRUCTION COMPANY & FORESTRY COMPANY,**

**Defendant.**

**Civil No. 13-1325 (GAG)**

**MEMORANDUM, OPINION AND ORDER**

Presently before the court is CASCO's motion to deposit funds pursuant to Federal Rule of Civil Procedure 67. (Docket No. 39.) John Deere ("JD") opposed, claiming Rule 67 is inapplicable in this instance. (See Docket No. 45 at 2.) For the following reasons, the court agrees and **DENIES** CASCO's motion at Docket No. 39.

**I.     Pertinent Background**

CASCO brought this action against JD primarily for violation of P.R. Law 75's protection against unilateral contract termination. See P.R. LAWS ANN. tit. 10, §§ 278 *et seq.*  The complaint seeks damages and injunctive relief for violations of the covenant of good faith and fair dealings in P.R. LAWS ANN. tit. 31 §§ 2294 and 3375 and Puerto Rico's tort statute for various tortious actions of JD, P.R. LAWS ANN. tit 31, §§ 5141 and 5142.  The damages CASCO seeks reach into the millions. (See Docket No. 1.) JD counterclaimed, seeking payment for outstanding invoices totaling $137,337. (See Docket No. 28.) CASCO filed its response to this counterclaim and denied the collection claim, disputing the actual total. Subsequently, CASCO filed its motion to deposit funds with the court. (Docket No. 39.)

**II.    Discussion**

Rule 67(a) states,

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

**Civil No. 13-1325 (GAG)**

FED. R. CIV. P. 67(a). The First Circuit stated, "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." Alstom Caribe, Inc. v. George P. Reintjes Co., Inc., 484 F.3d 106, 113 (1st Cir. 2007) (citing 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2991 (2d ed. 1997)). The Alstom Caribe court cautioned district courts to only grant a Rule 67 motion when the question of entitlement is genuinely disputed. See id. The Fifth Circuit came to a similar conclusion when faced with the same question. In Gulf States Utilities Co. v. Alabama Power Co., the Fifth Circuit upheld a district court's approval of a Rule 67 deposit because the parties disputed ownership of the funds due to contract disputes. 824 F.2d 1465, 1475 (5th 1987). The crux of the matter is whether ownership of the funds is in dispute.

In the present case, there is no sum-certain the parties agree is disputed. Each party recognizes that funds are in dispute, but they disagree over whether the invoice total, the invoice total minus a credit, or the invoice total minus both the credit and the value of the outstanding inventory should be used. (See Docket Nos. 39 at 2 (stating invoice amount minus credit and value of outstanding inventory); 45 at 2 (stating total invoice amount).) The court cannot ascertain which funds which parties shall unequivocally be entitled to at the end of this litigation. Partly, this is due to the need for the jury to determine whether CASCO is entitled to have JD buy back the remaining inventory, a proposition JD denied. Rule 67 is a useful tool in circumstances when a third party, such as a bank, holds a sum-certain to which multiple parties dispute ownership. Certainly the Rule can be applied in other circumstances, but not in the present case. The two parties have multiple claims and counterclaims against each other. The jury must determine the facts surrounding the dissolution of this contractual relationship and the consequences thereof. Rather than disputing the ownership of one account, CASCO attempts to deposit with the court an amount it might have to pay at the end of the litigation, if the jury ultimately sides with JD.

The court finds Rule 67 to be inapposite in this instance. While it is clear there is an invoice balance, it is unclear what that balance is and whether that balance will ever be paid. For these

2

**Civil No. 13-1325 (GAG)**

reasons, the court **DENIES** CASCO's motion to deposit funds pursuant to Rule 67(a) at Docket No. 39.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of August 2013.

*s*/Gustavo A. Gelpí

GUSTAVO A. GELPI
United States District Judge